UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 20, 2005

Memo To Counsel Re: Integral Nuclear Associates, LLC v. Vijay Nair, M.D.
Civil No. JFM-05-2662

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion to dismiss or for summary judgment as to plaintiff's claims, and his motion for summary judgment on his counterclaim. The first of the motions will be granted in part and denied in part. The second will be denied, and defendant's counterclaim will be stricken for having been filed prematurely.

I.  Motion to Dismiss or for Summary Judgment as to Plaintiff's Claims

   A.  Claims for fraudulent inducement, intentional misrepresentation, and negligent misrepresentation (Counts I, II, and III)

An integration clause that was part of the parties' contract might bar plaintiff from recovering on any claim for lost future profits. It does not, however, prohibit him from pursuing a claim for reliance damages. *Cf. Call Carl, Inc. v. B.P. Oil*, 554 F.2d 623, 630 (4th Cir. 1977); *Kardios Systems Corp. v. Perkin-Elmer Corp.*, 645 F. Supp. 506, 611 (D. Md. 1986).

Likewise, defendant is off the mark in contending that the contract in question was void under the federal Anti-Kickback statute. 42 U.S.C. §1320a-7b. The purpose of the statute is to contain Medicare costs by eliminating financial incentives to commit fraud or submit claims of uncertain medical necessity. Here, the parties' contract provided no such incentive. It did not require that defendant send a certain number of patients to plaintiff's facility. Moreover, the complaint contains no allegation from which it could be inferred that defendant was to receive any payment or benefit for sending patients to plaintiff's facility. Therefore, defendant's motion is denied.

   B.  Unjust enrichment (Count VI)

Plaintiff's unjust enrichment claim is simply pled as a variation of the fraudulent inducement and intentional/negligent misrepresentation causes of action. *See* Compl. ¶ 75 ("It would be inequitable or unconscionable for Defendant not to be held responsible for the expenses incurred by Plaintiff as a result of the gross and fraudulent misrepresentations of Defendant.").

In Maryland, the elements of unjust enrichment are:

> (1) A benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of value.

*Richard F. Kline, Inc. v. Signet Bank*, 651 A.2d 442, 444 (Md. Ct. Spec. App. 1995) (quoting *Yost v. Early*, 589 A.2d 1291, 1302 (Md. Ct. Spec. App. 1991)). Here, plaintiff's claim is premised on defendant's *failure* to employ plaintiff's services, not his acceptance of the services. Therefore, plaintiff has not pled facts sufficient to state a claim for unjust enrichment, and the claim is dismissed with prejudice.

C. Breach of the Covenant of Good Faith and Fair Dealing (Count IV)

The gravamen of plaintiff's claim for unjust enrichment is that "Defendant breached that duty when making representations and omission [sic] to Plaintiff and entering into an agreement to use the facility." Compl.¶ 63. That allegation is insufficient to state a claim for breach of any covenant of good faith and fair dealing. Although, as alleged by plaintiff, the parties had a preexisting contract, plaintiff has not alleged that defendant breached that contract. Rather, plaintiff alleges defendant made misrepresentations in connection with a new contract. Such conduct, if it occurred, was tortious, not a contractual breach. Accordingly, plaintiff's claim for breach of a duty of good faith and fair dealing is dismissed with prejudice.

D. Breach of Contract (Count V)

Plaintiff's breach of contract claim seeks damages caused by plaintiff's alleged failure to provide the sixty days notice required by the contract for termination without cause. Defendant's only argument in support of dismissing the claim is that the contract is in violation of the federal Anti Kick-back statute. As previously stated, defendant's argument on this issue is unpersuasive. Accordingly, defendant's motion is denied.

E. Tortious Interference with Contractual Relations (Count VII)

Although plaintiff has asserted only one count for tortious interference with contract relations, he in fact is making two separate claims. First, plaintiff alleges that defendant's engagement of plaintiff's employees to aid in his purchase of the nuclear camera constituted interference with plaintiff's contractual relations with the employees. Second, plaintiff asserts that defendant's purchase of his own nuclear camera undermined plaintiff's business and prevented plaintiff from being able to fulfill its contractual obligation to pay for the nuclear camera ordered for the new facility.

There are five elements to a tortious interference claim under Maryland law: "1) existence of a contract between plaintiff and a third party; 2) defendant's knowledge of that contract; 3) defendant's intentional interference with that contract; 4) breach of that contract by the third party; 5) resulting damages to the plaintiff." *Fraidin v. Weitzman*, 611 A.2d 1046, 1057 (Md. Ct. Spec.

App. 1992).[1]  The fourth element is dispositive of plaintiff's second claim because the nuclear camera manufacturer did not breach its contract with plaintiff; rather, plaintiff claims that because of defendant's actions, plaintiff itself cannot perform the contract.  Accordingly, this aspect of plaintiff's tortious interference claim is dismissed with prejudice.

As to the first aspect of the claim, plaintiff has not specifically identified in the complaint the two employees of plaintiff whom defendant allegedly contacted for "their assistance and consultation regarding his purchase of a nuclear camera." Compl. ¶ 78. Defendant's memorandum demonstrates, however, that defendant is aware of the two employees in question.  They are Gina Nierwinski and Ken Brenneman.  Accordingly, if this were the only missing particular in the complaint, I would deny defendant's motion to dismiss.

The other omission in the complaint is substantive, however.  The gravamen of plaintiff's tortious interference claim is that defendant induced Ms. Nierwinski and Mr. Brenneman to violate covenants not to compete.  Although plaintiff alleges that such covenants were included in Ms. Nierwinski's and Mr. Brenneman's employment contracts with plaintiff, plaintiff does not allege that defendant was aware of the existence of the covenants.  The second element of a tortious interference claim under Maryland law requires such knowledge.  Therefore, defendant's motion to dismiss the tortious interference claim will be granted, but plaintiff will be given leave to file an amended tortious interference claim if it can, in good faith, allege that defendant was aware of the covenants not to compete in Ms. Nierwinski's and Mr. Brenneman's employment contracts.

II.     Defendant's Counterclaim

Defendant has filed a counterclaim asserting claims for breach of contract, promissory estoppel, and unjust enrichment.  He has now filed a motion for summary judgment as to the breach of contract claim.  The motion is procedurally flawed.  Defendant has not yet filed an answer, and its motion to dismiss did not constitute a "pleading" within the meaning of Fed. R. Civ. P. 7 to which a counterclaim may be appended under Fed. R. Civ. P. 13.  Accordingly, defendant's counterclaim is stricken, and his motion for summary judgment as to the breach of contract claim set forth in the counterclaim is denied.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[1] Plaintiff argues that Pennsylvania law should apply to the tortious interference claim, but that is mistaken. Pennsylvania law governs the claims based on the contracts between the parties, but the tortious interference claims do not arise out of those contracts. The alleged tortious conduct occurred in Maryland, and as such, Maryland tort law applies.